UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,      :

:         **SUMMARY ORDER**

-against-      :         11-CR-627 (DLI)

:

WAYNE ANTHONY SHAND,      :

:

Defendant.    :

---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Defendant Wayne Anthony Shand ("Defendant") is charged with being found in the United States following his deportation after a conviction for the commission of an aggravated felony, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2). (*See* Doc. Entry No. 7.) Defendant moves to dismiss the indictment, pursuant to Federal Rule of Criminal Procedure 12(b)(2) and the Fifth Amendment of the United States Constitution, because his removal hearing allegedly was fundamentally unfair. (*See* Doc. Entry No. 15, Defendant's Memorandum of Law ("Def. Mem.") at 2.) The government opposes the motion. (*See generally* Doc. Entry No. 16, Government's Opposition to Defendant's Motion to Dismiss ("Gov't Opp.").) For the reasons set forth below, Defendant's motion is denied.

I.      **Background**

Defendant first entered the United States in June of 1992. (*See* Declaration of Michael Schneider, Esq. ("Schneider Decl.") ¶ 4.) In 1993, Defendant was convicted in New York State Supreme Court, Suffolk County of attempted criminal sale of a controlled substance, specifically, cocaine base ("crack-cocaine"). In 1995, he was convicted in New York State Supreme Court, Suffolk County of criminal possession of a controlled substance, specifically, crack-cocaine. (*See* Presentence Investigation Report ("PSR") ¶¶ 32-33, Attached as Exh. A to Gov't Opp.) In 1996, Defendant was convicted of unauthorized use of a motor vehicle in Texas.

1

(*Id.* ¶ 34.)  In 1999, also in Texas, Defendant was convicted of theft from a person and assault which caused bodily injury, as a domestic violence crime.  (*Id.* ¶¶ 35-36.)  In 2000, Defendant was convicted of bank fraud in the United States District Court for the Southern District of Texas.  (Schneider Decl. ¶ 9.)

While in federal custody, the Immigration and Naturalization Service[1] ("INS") served Defendant with a notice to appear in removal proceedings.  (*Id.* ¶ 10.)  INS charged Defendant was subject to removal under three subsections of the Immigration and Nationality Act ("INA"): 1) INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), because he had been convicted of two crimes of moral turpitude; 2) INA § 237(a)(2)(A)(I), 8 U.S.C. § 237(a)(2)(A)(I), because he had been convicted of a felony offense involving moral turpitude committed within five years of entry; and 3) INA § 237(a)(2)(E)(I), 8 U.S.C. § 237(a)(2)(E)(I), because he had been convicted of a crime of domestic violence.  (*Id.* ¶ 11.)

On October 4, 2000, based on Defendant's criminal convictions, an Immigration Judge ("IJ") found Defendant removable and ordered him removed.  (*Id.* ¶¶ 16, 18.)  On October 10, 2000, the IJ re-opened the proceedings *sua sponte* and held a second hearing to determine if Defendant was eligible for an adjustment of status pursuant to INA § 245, 8 U.S.C. § 1255 and INA § 212(h), 8 U.S.C. § 1182(h).  (*Id.* ¶¶ 19, 20.)  The IJ found that Defendant's 1993 conviction for criminal sale of a controlled substance was an aggravated felony and therefore that Defendant was ineligible for an adjustment of status.  (*Id.* ¶ 22.)  On October 6, 2001, Defendant was deported.  (*Id.* ¶ 23.)

---

[1] Now known as Immigration and Customs Enforcement.

## II. Legal Standard

An alien charged with illegal reentry under 8 U.S.C. § 1326 may defend against the charge by attacking the validity of the underlying deportation order. *See* 8 U.S.C. § 1326(d); *see also United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987); *United States v. Copeland*, 376 F. 3d 61, 66 (2d Cir. 2004). Where an alien seeks to dismiss an indictment by collaterally attacking the underlying deportation order, the alien must show, *inter alia*, that the entry of the deportation order was "fundamentally unfair." 8 U.S.C. § 1326(d)(3). "To establish 'fundamental unfairness' under § 1326(d)(3), a defendant 'must show both a fundamental procedural error and prejudice resulting from that error.'" *United States v. Scott*, 394 F. 3d 111, 117 (2d. Cir. 2005) (quoting *United States v. Fernandez-Antonia*, 278 F. 3d 150, 159 (2d Cir. 2002)). Prejudice is shown where there is a "reasonable probability" that, but for the procedural error, "the result of the proceeding would have been different." *Copeland*, 376 F. 3d at 73 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

## III. Discussion

Defendant first argues his deportation order was fundamentally unfair because the IJ allegedly inaccurately informed Defendant that, since he had been convicted of an aggravated felony, he was ineligible to seek adjustment of status under § 212(h). (Def. Mem. at 5.) Defendant asserted he was prejudiced when he relied on the IJ's purportedly inaccurate statement. (*Id.* at 8.) However, in his response to the government's opposition (*see* Doc Entry No. 19, Defendant's Reply Letter ("Def. Rep.") at 1), Defendant now concedes his 1993 conviction for attempted criminal sale of crack-cocaine made him ineligible for relief under § 212(h). *See Amadi v. Ashcroft*, 270 F. Supp. 2d 336, 338 (E.D.N.Y. 2003) (adjustment of status under § 212(h) only applicable where defendant commits a single offense of simple possession

of 30 grams or less of marijuana; defendant ineligible where he was convicted of conspiracy to import heroin). Nonetheless, Defendant now argues his due process rights were violated because INS never gave written notice that it would pursue deportation based on Defendant's 1993 conviction and that this lack of notice caused the deportation order to be fundamentally unfair. (Def. Rep. at 1.) Defendant's new argument is without merit.

In the first instance, Defendant's initial notice of removal proceedings, served on him by INS while he was in federal custody, alerted him to the fact that he was automatically subject to removal on various grounds based on the multitude of prior convictions. Defendant knows what his criminal history is. In any event, during the second removal proceeding, INS specifically referred to Defendant's 1993 drug conviction in response to the IJ inquiry as to whether Defendant was eligible for adjustment of status under § 212(h). (Schneider Decl. ¶¶ 20-22.) Assuming, *arguendo*, that specifying Defendant's 1993 conviction in this manner constituted some form of procedural error, Defendant cannot show that the procedural error rose to the level of a due process violation that prejudiced him in any way. It is not clear from either party's papers whether there was no discussion at all about Defendant's prior narcotics convictions during the first removal proceedings. Nevertheless, the IJ re-opened the action and gave Defendant another opportunity to be heard. It apparently was at this second proceeding that Defendant and the IJ, together, were apprised that Defendant's prior crack-cocaine trafficking conviction would present a bar to any adjustment of Defendant's status. As Defendant admits, his 1993 conviction made him ineligible for discretionary relief under § 212(h). Consequently, regardless of when Defendant's 1993 conviction was first raised as a ground for removal, whether in the notice to appear or during the removal proceeding itself, the IJ still would have found Defendant ineligible for adjustment of status under § 212(h).

**IV.** **Conclusion**

For the reasons set forth above, Defendant fails to show prejudice, as he cannot show that, but for the alleged error, the result of the proceeding would have been different. *Copeland*, 376 F. 3d at 73. Accordingly, Defendant's claim that the deportation hearing was fundamentally unfair is without merit and his motion to dismiss the indictment is denied.

SO ORDERED.

Dated: Brooklyn, New York
      February 24, 2011

/s/
_____
DORA L. IRIZARRY
United States District Judge
